## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RASMUS R. EDDY,**

        **Petitioner,**

        **v.**                              **Case No. 5:20-CV-03004-HLT**

**STATE OF KANSAS,**

        **Respondent.**

## ORDER

Petitioner Rasmus Eddy ("Eddy"), a pro se prisoner in the custody of the State of Kansas, brings the instant petition for federal habeas corpus relief under 28 U.S.C. § 2254.[1] Doc. 1. For the following reasons, the Court denies Eddy's petition and declines to issue a certificate of appealability.

## I.      BACKGROUND

The facts underlying Eddy's convictions occurred in 2009 while the victim (Eddy's four-year-old granddaughter) was staying with Eddy for a few days at his request. The victim related to her mother and other relatives that she had seen naked adults on Eddy's computer, that Eddy had touched her vaginal area with his finger, and that Eddy had licked her vagina. Eddy admitted to the police that he had allowed the victim to view pornography on his computer. He explained that he touched the victim when he rubbed baby oil on a sore on the inside of her labia. He explained the licking by describing how the naked victim playfully climbed over his head several times, which caused his face to touch her vaginal area. He further explained that the victim insisted that

---

[1] The Court is mindful of Eddy's pro se status and liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not take on the role of advocate. *Id.*

he kiss her "owie" and that he pretended to do so by placing his hand over her vagina and kissing the inside of her thigh or the back of his own hand. Finally, he told the police that the victim had grabbed his penis unexpectantly on two occasions during the visit.

In April 2010, a jury convicted Eddy of one count of rape, five counts of aggravated criminal sodomy, three counts of aggravated indecent liberties with a child, and one count of promoting obscenity to a minor. The district court sentenced Eddy to a controlling 310-month term of imprisonment.

Eddy filed a direct appeal, raising two claims: (1) the state presented insufficient evidence to prove that he committed rape by the alternative means of penetrating the victim with an object; and (2) the district court erroneously denied his request to have the victim psychologically evaluated. The Kansas Supreme Court ("KSC") affirmed. *State v. Eddy*, 321 P.3d 12 (Kan. 2014).[2] The mandate issued on April 15, 2014. The United States Supreme Court denied Eddy's petition for certiorari in October 2014. *Eddy v. Kansas*, 574 U.S. 840 (2014).

That same month, Eddy filed a pro se petition for post-conviction relief pursuant to K.S.A. § 60-1507, raising numerous claims of error, including: (1) the trial court gave an erroneous reasonable doubt instruction; (2) the trial court's rape instruction effectively made it a strict liability crime; (3) the trial court violated Eddy's constitutional rights by giving a presumption of intent instruction; (4) Eddy received ineffective assistance of counsel in violation of the Sixth Amendment at trial and on direct appeal; (5) several instances of prosecutorial misconduct violated Eddy's due process and fair trial rights under the United States Constitution and the Kansas Constitution; (6) cumulative error; (7) insufficient evidence; and (8) erroneous failure to grant a downward departure. Eddy was then appointed counsel, who filed a supplement arguing that the

---

[2]    The KSC had direct jurisdiction under K.S.A. 22-3601(b)(1), before its 2011 amendment.

five criminal sodomy and three indecent liberties convictions were multiplicitous and that Eddy's trial counsel and direct appeal counsel were ineffective for failing to assert this challenge. The district court denied the motion on the merits.

Eddy appealed with counsel, raising the following claims: (1) the district court erred in finding that Eddy suffered no prejudice from the multiplicitous convictions; (2) ineffective assistance of trial counsel and direct appeal counsel based on the failure to challenge his multiplicitous convictions; and (3) the district court failed to make findings of fact and conclusions of law pursuant to Kansas Supreme Court Rule 183(j). The Kansas Court of Appeals ("KCOA") held that Eddy's convictions for aggravated criminal sodomy were clearly multiplicitous. *Eddy v. State*, 2016 WL 4259994, at *1 (Kan. Ct. App. 2016). It further determined that trial counsel was not ineffective because trial counsel raised this issue in a post-trial motion but that direct appeal counsel was ineffective for not raising the issue on appeal. *Id.* at *2-4. The KCOA reversed the convictions on four of the counts and vacated the sentences for these counts. *Id.* at *4. But the KCOA found that the three counts of indecent liberties were not multiplicitous, so failure to challenge them was not ineffective. *Id.* at *3. The KSC denied review in 2017.

Eddy filed a second § 60-1507 petition in March 2017, arguing that (1) the district court erred in sentencing him; (2) his trial counsel was ineffective; and (3) his appellate counsel was ineffective for failing to raise issues from his first § 60-1507 petition. The trial court summarily dismissed this petition for lack of jurisdiction because his first petition was still on appeal. Eddy did not appeal the decision. Eddy filed a third § 60-1507 petition arguing that the trial court erred in failing to give a unanimity instruction. The district court summarily denied Eddy's motion as

untimely, and the KCOA affirmed. *Eddy v. State*, 437 P.3d 1030 (2019). The KSC denied review in December 2019. Eddy filed this § 2254 petition on January 3, 2020. Doc. 1.[3]

## II.    STANDARD

This petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a petitioner must timely bring a petition and must have exhausted his federal claims in state court. 28 U.S.C. §§ 2244(d)(1), 2254(b)(1)(A). If those prerequisites are satisfied, then the standard of review hinges on the treatment of the claim by the state court. *McCracken v. Gibson*, 268 F.3d 970, 975 (10th Cir. 2001).

If the state court denies a federal claim based on a separate state procedural deficiency, the federal court does not reach the merits of the claim at all unless (1) the state ground for the decision was not adequate and independent of federal law or (2) the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. *Id.* at 976.

If the state court did not reach the merits of a federal claim and review is not barred by an adequate and independent state procedural disposition, the federal court reviews the claim on the merits. *Id.* at 975.

Finally, if a state court denies a federal claim on the merits, the federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also McCracken*, 268 F.3d at 975.

---

[3]   This case was transferred to the undersigned in December 2020.

### III.    ANALYSIS

Eddy identifies the following grounds for relief: (1) the state presented insufficient evidence that he committed rape; (2) the district court erroneously denied his request to have a psychological evaluation performed on the victim; (3)-(5) the district court gave erroneous reasonable doubt, presumption of intent, and rape instructions; (6) he was denied effective assistance of trial counsel; and (7) several instances of prosecutorial misconduct violated his due process rights. The Court addresses each argument.

### A.    Insufficient Evidence that Eddy Committed Rape

In his first claim for relief, Eddy asserts several sub-arguments: (1) there was insufficient evidence that he committed rape by the alternative means of penetrating the victim with an object; (2) the evidence was insufficient because he was merely applying medication to a sore on the victim's vagina, which does not or should not meet the definition of penetration; (3) his counsel was ineffective for failing to argue as much as part of the alternative means challenge; and (4) no witness identified him as a perpetrator.

Only the first sub-argument is exhausted, so the Court starts with that argument. In this sub-argument, Eddy argues that the rape instruction in his case created alternative means of commission (*e.g.*, penetration of the female sex organ by either a finger or any object). He contends that the state failed to present evidence establishing penetration by any object, so the evidence was insufficient to support his conviction.

This argument is exhausted because Eddy raised it on direct appeal, and the KSC addressed and rejected it. Specifically, in his direct appeal, Eddy noted that the state charged him with rape by "sexual intercourse," defined as "any penetration of the female sex organ by a finger or any object." He argued that the state charged him with rape by alternative means but that it only offered

evidence that he penetrated with his finger, not an object. He asserted that his conviction violated *State v. Wright*, 224 P.3d 1159 (Kan. 2010) (holding that in an alternative means case, the jury need not be unanimous as to which means the defendant utilized but that there must be substantial competent evidence of <u>each</u> instructed means).

The KSC rejected his argument and affirmed his conviction. The KSC cited precedent, decided after Eddy submitted his brief, holding that the gravamen of the crime of rape was penetration and that the listing of body parts and "any object" merely described factual circumstances, not alternative means, by which the element of penetration could be proved. *Eddy*, 321 P.3d at 16. The interpretation by the KSC of the elements of the crime of rape under Kansas law is a matter of state law that is binding on this Court and is fatal to Eddy's claim. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (stating that "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus").[4]

Eddy's remaining sub-arguments are unexhausted. *See generally Eddy*, 321 P.3d 12. Ordinarily, a federal habeas court can't review unexhausted claims, but, in this case, Eddy could have raised these sub-arguments either on direct appeal or in a K.S.A. 60-1507 motion and his failure to do so has resulted in their procedural default under state rules as he can't now bring them before the state courts. *See Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014) (explaining that a federal court cannot grant a habeas petition unless the petitioner exhausted his claims in state court and referring to such unexhausted claims that would be procedurally defaulted as an

---

[4]    Eddy does not appear to contend here or in state court that the rape instruction violated federal law. Even if he did, his claim still would not justify federal habeas relief because a general verdict is constitutionally sound so long as the evidence supports one alternative means submitted to the jury. *See Griffin v. United States*, 502 U.S. 46, 56-57 (1991) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." (citation omitted and alteration in original)). There is no dispute that Eddy penetrated the victim's vagina with his finger, so the KSC's ruling would not be contrary to, nor an unreasonable application of, United States Supreme Court precedent.

"anticipatory procedural bar"). In this situation, the Court may consider these arguments if Eddy demonstrates (1) cause for failing to raise the claim to the state court and resulting prejudice or (2) a fundamental miscarriage of justice based on a credible showing of actual innocence. *See id.* (outlining standard).

Eddy cannot make either showing. First, Eddy does not demonstrate cause because he does not identify any external factors that prevented him from raising these claims. He attempts to argue that counsel was ineffective for failing to raise these claims, but that argument can't be the source of cause in this case because he did not raise it as an independent claim to the state court. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) ("[T]he exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." (quotation and citation omitted)). Accordingly, Eddy does not establish cause.

Second, Eddy does not establish a fundamental miscarriage of justice because he does not provide new reliable evidence of actual innocence establishing "that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence." *Frost*, 749 F.3d at 1231-32 (quotation omitted). Eddy simply argues that the evidence was not sufficient and that Kansas law should be changed. This is not enough. Accordingly, the Court denies Eddy's first argument (including all sub-arguments).

**B.      Denial of Eddy's Request to have a Psychological Evaluation Performed on the Victim**

Eddy's second argument is that the district court erroneously denied his request to have a psychological evaluation performed on the victim. Eddy raised this argument in his direct appeal, and the KSC denied it on the merits. Thus, this Court must determine whether the KSC's decision

on this issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also McCracken*, 268 F.3d at 975. After review, the Court finds the KSC's decision was neither contrary to or an unreasonable application of clearly established federal law nor based on an unreasonable determination of the evidence. Thus, the Court denies this claim.

Specifically, the KSC reviewed the district court for abuse of discretion and required that compelling circumstances justify a psychological examination and considered the following nonexclusive factors:

> (1) whether there is corroborating evidence of the complaining witness' version of the facts, (2) whether the complaining witness demonstrates mental instability, (3) whether the complaining witness demonstrates a lack of veracity, (4) whether the complaining witness has made similar charges against others that were proven to be false, (5) whether the defendant's motion for an evaluation appears to be a fishing expedition, and (6) whether the complaining witness provides an unusual response when questioned about his or her understanding of what it means to tell the truth.

*Eddy*, 321 P.3d at 16-17. On the first factor, the KSC reasoned that, although Eddy put his own spin on why the alleged acts occurred, his own statements corroborated that he touched the inside of the victim's labia, that there was contact between his mouth and the victim's genitalia, and that he showed the victim pornography on his computer. *Id.* at 17. The KSC found that Eddy did not present any evidence on the remaining factors and noted that his motion for evaluation appeared to be a fishing expedition. *Id.* Finally, it found that Eddy's suggestion that the victim's mother was involved in "heated custody proceedings" with the victim's father and planted memories in the victim's mind to frame Eddy, the paternal grandfather, was unsupported by the record. *Id.*

Eddy does not direct this Court to clear and convincing evidence that the KSC's factual findings are incorrect. 28 U.S.C. § 2254(e)(1). Similarly, he does not direct the Court to any authority suggesting that the KSC's determination violated clearly established federal law. *See Cook v. McKune*, 334 F. App'x 867, 868 (10th Cir. 2009) (denying a certificate of appealability when a § 2254 petitioner failed to cite Supreme Court precedent indicating that the Confrontation Clause provides a defendant with the constitutional right to require a psychiatric examination of a witness). Thus, the Court denies this claim because Eddy fails to satisfy 28 U.S.C. § 2254(d)(1) or (d)(2).

### C.     Erroneous Jury Instructions, Ineffective Assistance, and Prosecutorial Misconduct

Eddy's third through seventh arguments are: (3)-(5) the trial court gave erroneous reasonable doubt, presumption of intent, and rape jury instructions; (6) his trial counsel was ineffective in approximately ten ways; and (7) the prosecutor violated his due process rights in approximately seven ways.[5] Eddy raised these arguments in his first § 60-1507 petition, and the district court denied them on the merits. But Eddy's attorney did not appeal the district court's rulings to the KCOA. *See generally Eddy*, 2016 WL 4259994. These issues are thus unexhausted. *See Frost*, 749 F.3d at 1231 (requiring state prisoners to give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). But, once again, Eddy could have raised these arguments and his failure to do so has resulted in their procedural default under state rules as he can't now bring them before the state courts. Even so,

---

[5]     Specifically, Eddy argues his trial counsel was ineffective by failing to investigate, object to the prosecution's misleading statements, object to the victim's and a detective's testimony, offer evidence on motive and bias, offer evidence on Eddy's passive/timid personality, and overall conduct a genuine defense. Eddy argues the prosecution violated his due process rights by making false allegations, charging multiplicitous counts, and offering the victim's false testimony.

Eddy fails to make the showing required for this Court to consider procedurally defaulted claims because he has shown neither (1) cause for failing to raise the claims to the KCOA and resulting prejudice nor (2) a fundamental miscarriage of justice based on a credible showing of actual innocence. *See id.* (outlining standard).[6] Accordingly, the Court denies these claims.

### D.      Certificate of Appealability

The Court additionally finds that a certificate of appealability is not warranted. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A district court will issue a certificate of appealability only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Eddy has not made this showing. He has not demonstrated "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted).

---

[6]   The state generously reads Eddy's petition as raising an eleventh ineffective assistance of counsel argument. The Court does not read his petition as including this argument. But the argument fails even if Eddy does make it. Specifically, Eddy exhausted claims that his trial counsel and direct appeal counsel were ineffective for failing to challenge the multiplicity of his convictions. The KCOA applied ineffective assistance and multiplicitous standards that conform to federal law. *Compare Eddy*, 2016 WL 4259994, at *2 (determining whether the convictions arose from the same conduct) *with United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) (evaluating whether the counts arose from the same course of conduct). The KCOA reasonably applied the law to a reasonable determination of the facts in finding that Eddy's convictions for indecent liberties with a child were not multiplicitous because they involved different acts in different parts of Eddy's home at different times. *Eddy*, 2016 WL 4259994, at *2-3; *compare Blockburger v. United States*, 284 U.S. 299, 301, 303 (1932) (holding "[t]he sales charged in the second and third counts, although made to the same person, were distinct and separate sales made at different times," resulting from separate impulses, and so could constitute separate offenses). The KCOA accordingly found that Eddy's trial and direct appeal counsels were not ineffective for failing to challenge the indecent liberties charges. *Eddy*, 2016 WL 4259994, at *2-3. The KCOA found that Eddy's convictions for criminal sodomy were clearly multiplicitous, but that his trial counsel was not deficient because the attorney challenged them before sentencing. *Id.* But the KCOA did find that Eddy's direct appeal counsel was ineffective for failing to raise the argument. *Id.* at *3-4. It remedied the error by reversing four of the five criminal sodomy convictions and vacating the sentences, *id.* at *4, which also conformed with federal law. *See Barrett*, 496 F.3d at 1095 ("Where multiplicitous convictions are found, 'the only remedy . . . is . . . to vacate one of the underlying convictions as well as the . . . sentence based upon it.'" (quoting *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996)).

IV.     **CONCLUSION**

THE COURT THEREFORE ORDERS that Eddy's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

THE COURT FURTHER ORDERS that a certificate of appealability is NOT ISSUED in this case.

IT IS SO ORDERED.

Dated: January 14, 2021                    /s/  *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE